David A. Hubbert
Deputy Assistant Attorney General

Tijuhna A. Green (TXBN 24106025)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3340
202-307-0054 (f)
Tijuhna.A.Green@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SCOTT M. CANTOR;<br>DIANE CANTOR;<br>BANK OF AMERICA;<br>AMERICAN EXPRESS NATIONAL BANK f/ka/ AMERICAN EXPRESS CENTURION BANK;<br>JAMES FRANK WILSON JR;<br>CLARK COUNTY, NEVADA<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:22-cv-00447-APG-NJK<br><br>**JOINT MOTION TO APPROVE STIPULATION AS TO PRIORITY BETWEEN THE UNITED STATES AND BANK OF AMERICA, N.A.** |

Plaintiff, the United States of America ("United States"), and Bank of America, N.A., pursuant to Local Rule 7-1(c) hereby jointly move the Court to approve the following stipulation:

　　　　1.　　On March 10, 2022, the United States filed its complaint to enforce the federal tax liens related to the unpaid federal tax liabilities of defendants Scott Cantor and Diane Cantor,

and to foreclose on real property located at 1412 Sun Copper Drive, Las Vegas, NV 89117 ("Subject Property"). ECF No. 1.

2. The Subject Property bears Clark County Assessor's Parcel Number 163-05-112-001 and is legally described as follows:

Parcel I:

Lot twenty-seven (27) in Block One (1) of Sienna Ridge Unit No. 2, as shown by map thereof on file in Book 48 of Plats, Page 50, in the office of the county recorder of Clark County, Nevada.

Parcel II:

Non-exclusive easements for enjoyment in and to the Common Areas of Peccole Ranch, as shown by map thereof on file in Book 44 of Plats, page 72, in the Office of County Recorder of Clark County, Nevada, and as set forth in that certain Declaration of Covenants, Conditions and Restrictions recorded August 27, 1990 in Book 900827 of Official Records as Document No. 00428.

3. The United States claims that federal tax liens encumber the Subject Property. These federal tax liens relate to defendants Scott and Diane Cantor's unpaid federal income tax liabilities for tax years 2013–2017. These federal tax liens also relate to the unpaid trust fund recovery penalties assessed against Scott Cantor for the unpaid employment taxes of Scott Michael Cantor, Ltd. for various quarters beginning March 31, 2017 through December 31, 2019. ECF No. 1. ¶¶ 18 & 19.

4. Pursuant to 26 U.S.C. § 7403(b), Bank of America was named as a defendant because it may claim an interest in the Subject Property as beneficiary of a $139,714.00 Deed of Trust originated in April 2014 ("Bank of America Loan"). The Bank of America Loan is secured by a deed of trust recorded against the Subject Property on May 9, 2014, with the Clark County Recorder's Office as Document Number 20140509-0001641.

5. Pursuant to 26 U.S.C. § 6323(a), the United States and Bank of America agree that Bank of America's Deed of Trust described in paragraph 4 of this Stipulation has priority over, and is senior to, the United States' federal tax liens described in paragraph 3 of this Stipulation.

6. In the event the Court permits the sale of the Subject Property, the United States will include in its proposed order of sale, a provision that the sale of the Subject Property shall be free and clear of all interests of the parties to this suit, and that any such interests or liens be satisfied from the proceeds of the sale in the order of the Parties' respective priorities until such proceeds are exhausted.

7. The United States stipulates that the proceeds of the sale described in paragraph 6, after being applied first to costs of sale, shall be applied to satisfy the deed of trust held by Bank of America against the Subject Property before being applied to satisfy the United States federal tax lien(s). Bank of America agrees to provide a computation of any balance it alleges to be due to it on the interest described in paragraph five (5), above, within five (5) business days of a request from the United States.

8. Except as stated herein, Bank of America consents to judgment as requested in the United States' Complaint.

9. In light of this Stipulation, there is no further reason for Bank of America to participate in this matter. Accordingly, Bank of America is excused from further participation in this case, except as ordered by the Court or as Bank of America deems necessary to protect its interests.

10. The Parties to this Stipulation agree to bear their own costs and attorney's fees related to this litigation.

| | | |
|---|---|---|
| 1 | Dated: August 3, 2022 | David A. Hubbert |
| 2 | | Deputy Assistant Attorney General |
| 3 | | s/ Tijuhna A. Green |
| | | TIJUHNA A. GREEN |
| 4 | | Trial Attorney, Tax Division |
| 5 | | U.S. Department of Justice |
| | | P.O. Box 683 |
| 6 | | Washington, D.C. 20044 |
| 7 | | 202-616-3340 |
| | | Tijuhna.A.Green@usdoj.gov |
| 8 | | *Attorney for the United States of America* |
| 9 | | |
| 10 | Dated: August 3, 2022 | s/Matthew P. Pawloski |
| | | Matthew P. Pawlowski, Esq |
| 11 | | McCarthy & Holthus, LLP |
| 12 | | 9510 W. Sahara Ave., Ste. 200, |
| | | Las Vegas, NV 89177 |
| 13 | | MPawlowski@mccarthyholthus.com |
| | | *Attorney for Bank of America* |

## ORDER APPROVING STIPULATION

1. The foregoing stipulation is approved. If the United States obtains an order permitting it to sell the Subject Property in connection with this case, the Order shall state that the Subject Property is sold free and clear of any interest of Bank of America, with that interest to attach to the proceeds of sale according to the parties' stipulation.

2. Subject to the terms of the Stipulation and this Order, Bank of America shall be deemed to have consented to entry of judgment against it as requested in the United States' Complaint.

**IT IS SO ORDERED.**

Dated this ___4th___ day of ___August___ 2022.



_____